# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **GABRIEL MEADOWS,** | * | |
| Plaintiff, | * | |
| v. | * | Civil No. RDB-19-2149 |
| **LABCORP,** | * | |
| Defendant. | | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM ORDER

On March 25, 2020, this Court entered an Order granting Defendant LabCorp's ("Defendant" or "LabCorp") Motion to Dismiss (ECF No. 21), and dismissing *pro se* Plaintiff Gabriel Meadows' ("Plaintiff" or "Meadows") Complaint (ECF No. 1) without prejudice. (ECF No. 25.) Now pending is Plaintiff's Motion for Reconsideration and to Proceed Upon Reopening Case. (ECF No. 26.) The parties' submission have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2018). For the reasons stated herein, Plaintiff's Motion for Reconsideration and to Proceed Upon Reopening Case (ECF No. 26) is DENIED.

## BACKGROUND

On July 23, 2019, *pro se* Plaintiff Gabriel Meadows ("Plaintiff" or "Meadows") filed this action against Defendant LabCorp ("Defendant"). Meadows asserted violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII") and the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112, *et seq* ("ADA"). On December 20, 2019, Defendant filed a Motion to Dismiss Plaintiff's Disability and National Origin Claims

Pursuant to Fed. R. Civ. P. 12(b)(6). (ECF No. 21.) On December 23, 2019, this Court issued a Notice to Plaintiff informing him that his failure to respond to the motion could result in the dismissal of his case or the entry of judgment against him. (ECF No. 22.) On January 21, 2020, this Court issued a Show Cause Order (ECF No. 23) requiring the Plaintiff to respond to the Defendant's Motion by February 20, 2020. On January 24, 2020, this Court issued a Returned Document Order (ECF No. 24) which rejected the Plaintiff's one-paragraph response to the Motion because it did not include a certificate of service. Plaintiff never attempted to correct this defect and did not submit additional filings until after this Court entered its Order dismissing Plaintiff's Complaint on March 25, 2020. (ECF No. 25.) On April 2, 2020, Plaintiff filed the presently pending Motion for Reconsideration. (ECF No. 26.)

## STANDARD OF REVIEW

Rule 59(e) authorizes a district court to alter, amend, or vacate a prior judgment, and Rule 60 provides for relief from judgment. *See Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 471 n.4 (4th Cir. 2011), *cert. denied*, 132 S. Ct. 115 (2011). As this Court explained in *Cross v. Fleet Reserve Ass'n Pension Plan*, WDQ-05-0001, 2010 WL 3609530, at *2 (D. Md. Sept. 14, 2010):

> A party may move to alter or amend a judgment under Rule 59(e), or for relief from a judgment under Rule 60(b). *See* Fed. R. Civ. P. 59(e) & 60(b). A motion to alter or amend filed within 28 days of the judgment is analyzed under Rule 59(e); if the motion is filed later, Rule 60(b) controls. *See* Fed. R. Civ. P. 59(e); *MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 280 (4th Cir. 2008); *In re Burnley*, 988 F.2d 1, 2-3 (4th Cir. 1992).

(footnote omitted). Meadows filed his motion within 28 days of this Court's Order granting Defendant's Motion to Dismiss. Accordingly, Rule 59(e) governs this Court's analysis. *See, e.g., Knott v. Wedgwood*, DKC-13-2486, 2014 WL 4660811, at *2 (D. Md. Sept. 11, 2014)

("Although Plaintiff purports to bring his motion for reconsideration under Rule 60(b)(1), because it was filed within twenty-eight days of entry of the underlying order, it is properly analyzed under Rule 59(e).")

The United States Court of Appeals for the Fourth Circuit has repeatedly recognized that a final judgment[1] may be amended under Rule 59(e) in only three circumstances: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. *See, e.g., Gagliano v. Reliance Standard Life Ins. Co.*, 547 F.3d 230, 241 n.8 (4th Cir. 2008); *see also Fleming v. Maryland National Capital Park & Panning Commission*, DKC-11-2769, 2012 WL 12877387, at *1 (D. Md. Mar. 8, 2012). A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to entry of judgment." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998); *see also Kelly v. Simpson*, RDB-16-4067, 2017 WL 4065820, at *1 (D. Md. Jan. 26, 2017). Moreover, "[t]he district court has considerable discretion in deciding whether to modify or amend a judgment." *Fleming*, 2012 WL 12877387, at *1.

## ANALYSIS

This Court recognizes that Plaintiff is *pro se* and has accorded his pleadings liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Plaintiff has not met the high bar he faces to succeed on his Motion for Reconsideration. There has been no intervening change in controlling law since this Court's Order of March 25, 2020; no new evidence has come to

---

[1] Rule 59(e) applies only to final judgments. *See Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1469 (4th Cir. 1991).

light; and no clear error of law or manifest injustice has been identified in this Court's Order. This Court granted Defendant's Motion to Dismiss because Plaintiff consistently failed to meet the required deadlines in the prosecution of his case despite repeated warnings from this Court that his failure to respond could result in the dismissal of his case. (ECF Nos. 22, 23, 24, 25.) Plaintiff's Motion requesting reconsideration of the Court's Order offers an apology to the Court for Plaintiff's deficiencies but does not otherwise cure them.

Nor does plaintiff's status as *pro se* absolve him of the duty to plead adequately. *See Stone v. Warfield*, 184 F.R.D. 553, 555 (D. Md. 1999) (citing *Anderson v. Univ. of Md. Sch. Of Law*, 130 F.R.D. 616, 617 (D. Md. 1989), *aff'd*, 900 F.2d 249, 1990 WL 41120 (4th Cir. 1990)). In his January 24, 2020 submission, Plaintiff provided no explanation for his delay in opposing Defendant's Motion to Dismiss, and he provided no clarification as to his claims or newly discovered evidence in support thereof. (*See* ECF No. 24-1.) Indeed, he did not state any reasons why the Complaint should not be dismissed for the reasons stated in the Motion to Dismiss nor did he request an extension of time to so respond. (*Id.*)

Because Rule 59(e) does not permit a party to "relitigate old matters, or to raise arguments or present evidence that could have been raised prior to entry of judgment," *Pacific Ins. Co.*, 148 F.3d at 403, this Court concludes that Plaintiff has failed to meet his burden for the extraordinary remedy of reconsideration of a judgment after its entry.

## CONCLUSION

For the foregoing reasons, it is this 10th day of September, 2020, HEREBY ORDERED that:

1. Plaintiff's Motion for Reconsideration and to Proceed Upon Reopening Case (ECF

No. 26) is DENIED; and

2. The Clerk of the Court transmit copies of this Memorandum Order to Counsel and to Plaintiff at his last known address.

_____
Richard D. Bennett
United States District Judge